UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SINCLAIR )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>SELL IT SOCIAL, LLC, )<br>d/b/a Rebel Circus )<br>)<br>*Defendant*. )<br>) | Civil Action No.<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES now the Plaintiff, Stephanie Sinclair, and alleges as follows:

### I. INTRODUCTION

1. This complaint arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et. seq. (the "Copyright Act") and 17 U.S. Code § 1201 et. seq. for violations of Copyright Management Information ("CMI").

2. Plaintiff alleges Defendants are liable for direct and willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and CMI violations for removing Plaintiff's CMI from three (3) of her copyrighted photos.

### II. PARTIES

3. Plaintiff Stephanie Sinclair ("Sinclair" or "Plaintiff") is a citizen of the United States, a resident of the state of New York, and maintains her principal place of business in the state of New York.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Sell It Social, LLC, d/b/a Rebel Circus ("Defendant") is and was at all relevant times an active

domestic limited liability company duly existing under the laws of the state of New York (NYS DOS ID #: 437357), with the business address: 311 West 43rd Street, 12th Floor, New York, NY 10036, and owning and operating a commercial website, "Rebel Circus" at: www.RebelCircus.com.

### III.  JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 because Defendants' principle place of business can be found in this District.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because all Defendants may be found in this District.

7. This Court has *in personam* jurisdiction over Defendant because the Defendant availed itself of the privileges of conducting business in this district and the State of New York and incurred a benefit from such infringement, thus it is reasonable for Defendant to submit to the jurisdiction of a New York federal district court.

8. Further, Defendant sells its products from New York City, which lies in this District.

### IV. FACTUAL BACKGROUND

9. Plaintiff Sinclair is a freelance photojournalist well-known for gaining unique access to the world's most sensitive gender and human rights issues, such as female genital mutilation, self-immolation, and, most notably, child marriage.

2

10. Plaintiff Sinclair has spent significant time and money amassing her twenty-year body of work, regularly risking her life to photograph people and events in dangerous circumstances such as war zones and similarly hostile environments.

11. Plaintiff Sinclair covered the United States' invasion of Iraq as a unilateral (non-embedded) journalist while an employee of the *Chicago Tribune* in 2003. She subsequently moved to Iraq to continue covering the war as a freelance photojournalist. She later moved to Beirut, Lebanon, then, after covering the region for six years, to New York, from where she continues to operate and take assignments worldwide.

12. Plaintiff Sinclair is a regular contributor to publications such as *National Geographic*, the *New York Times*, the *New York Times Magazine*, *Time*, *Newsweek*, *Stern*, *GEO*, and *Marie Claire*.

13. Plaintiff Sinclair has worked with many reputable and notable institutions and organizations in her work on the issue of child marriage including the United Nations Population Fund (UNFPA), the U.S. Department of State, USAID, the government of Canada, the UK's Department for International Development (DFID), Human Rights Watch, and Plan International.

14. Plaintiff Sinclair has been nominated for an Emmy Award, was a Pulitzer Prize winner in 2000 while working for the *Chicago Tribune*, and has won numerous photojournalism industry awards including an unprecedented three (3) Vias D'or and, most recently, the *International Women's Media Foundation*'s Anja Niedringhaus Courage in Photojournalism Award.

15. Plaintiff Sinclair regularly licenses her photographs to clients for use in publications and/or on websites. To this end, Plaintiff owns and maintains a publically-

searchable website (www.StephanieSinclair.com) to showcase her images and invites offers from potential licensors. The fees collected from this licensing constitute a sizeable portion of Plaintiff's income.

16. Upon information and belief, Defendant is in the business of online retail sales with a focus on clothing, jewelry, and lifestyle accessories aimed at the counter-culture or otherwise heavily tattooed set through its operation of the website www.RebelCircus.com.[1]

17. Upon information and belief, Defendant generates revenue through sales of goods on its website, www.RebelCircus.com.

18. Defendant also operates a feed as a part of its retail website at http://www.rebelcircus.com/blog/, where its publishes posts on a variety of topics presumably of-interest to their target demographic audience, and where, at the time of this filing, thousands of "blog" posts from a span of several years are available for public viewing.

19. Defendant's retail sales website, www.RebelCircus.com, currently garners over thirty-seven thousand (37,000) daily visitors and over ninety thousand (90,000) daily page views according to website traffic monitoring organization, Website Informer (www.websiteinformer.com).

20. Defendant's reach goes well beyond its flagship website with a significant social media presence consisting of almost five million (5,000,000) Facebook followers, over three hundred forty thousand (340,000) followers of its Instagram account, and its own YouTube channel, Snapchat account, and other outlets.

21. Plaintiff alleges that Defendant Social knowingly published, with neither license nor permission, a total of three (3) of Plaintiff Sinclair's Copyrighted Images to its website,

---

[1] The website's "About Us" page offers that "Rebel Circus is the online store to go to for alternative apparel and tattoo clothing," (http://www.rebelcircus.com/blog/about/).

4

www.RebelCircus.com, on three (3) occasions as is more fully described below and attached as exhibits A, B, and C.

22. In the first infringement on the following post, http://www.rebelcircus.com/blog/19-year-old-rajasthan-woman-uses-facebook-to-annul-her-child-marriage/, Defendant published it on October 13, 2017. It is attached as Exhibit A.  In the post, Defendant displayed Plaintiff's photo of two (2) Yemeni couples. The post references Sushila Bishnoi on page 12 of 14.  The post's content is not relevant to Plaintiff's photo and the reference to Sushila Bishnoi is factually unrelated to the two Yemeni couples.  In other words, this photo in the post cannot be considered fair use as there is no comment or criticism related to the photo to make it newsworthy or fall under any fair use factor or other legal defense.

23. Plaintiff's name is not credited in Ex. A, and upon information and belief Defendant intentionally removed Plaintiff's copyright management information from the photo. This represents at least one (1) CMI violation in Ex. A.

24. In the second infringement on the following post, http://www.rebelcircus.com/blog/the-age-of-consent-around-the-world-what-is-too-young/ Defendant published it on January 15, 2018. It is attached as Exhibit B. In the post, Defendant displayed Plaintiff's copyrighted photo of an Afghan couple. The post references Saudi Brides on page 8 of 18.  The post's content is not relevant to Plaintiff's photo and the reference to Saudi Brides in the post is factually unrelated to the Afghan couple. In other words, this photo in the post cannot be considered fair use as there is no comment or criticism related to the photo to make it newsworthy or fall under any fair use factor or other legal defense.

25. Plaintiff's name is not credited in Ex. B, and upon information and belief Defendant intentionally removed Plaintiff's copyright management information from the photo. This represents at least one (1) CMI violation in Ex. B.

26. In the third infringement on the following post, http://www.rebelcircus.com/blog/divorced-teens-inside-life-child-brides/ Defendant published the post on January 23, 2018. It is attached as Exhibit C. The post contains two (2) of Plaintiffs photos of the two Yemeni couples (also found in Ex. A) on pages one (1) and 11 of the post. Defendant also displayed a second photo that was copyrighted by Plaintiff, and is on page four (4) of the post. This second photo is of a single Yemeni couple. The post's content is not relevant to Plaintiff's two (2) copyrighted photos, and referenced "Nujood" who is a divorced child bride but not subject of either photo. In other words, the two (2) photos in the post cannot be considered fair use as there is no comment or criticism related to the photos to make it newsworthy or fall under any fair use factor or other legal defense.

27. Plaintiff's name is not credited in Ex. C in any of the three displays of the two (2) photos, and upon information and belief, Defendant intentionally removed Plaintiff's copyright management information from the two (2) photos. This represents at least three (3) CMI violations in Ex. C.

28. On or about March 5, 2018, Plaintiff discovered that Defendant had published three posts wrongfully displaying three (3) of Plaintiff's copyrighted photos for a total of five (5) displays in the aforementioned posts on Defendant's website, www.RebelCircus.com, without consent, permission, or a valid legal defense, and intentionally removing copyright management information from the five (5) displays, representing five (5) CMI violations.

29.     As published by Defendant, none of the photographs credited Plaintiff as the either the photographer or copyright owner of the Copyrighted Images despite the ability and knowledge of Defendants, as sophisticated marketers, to include the copyright management information (CMI).

30.     At no time prior to publishing the Rebel Circus posts did Defendant or its agent(s) contact Plaintiff seeking a license or other permission to use Plaintiff's copyrighted images -- despite Plaintiff Sinclair's explicit availability for such licensing queries in the ordinary course of business on her website and through her extensive social media presence.

31.     The nature of Defendant's use of Plaintiff's copyrighted photos on [www.RebelCircus.com](www.RebelCircus.com) implicitly suggests that Plaintiff supported Defendant's usage in a trivial and likely offensive context of Rebel Circus as a publication, thereby negatively affecting Plaintiff's ability to make a living by damaging Plaintiff's reputation as purveyor of high-quality images to reputable clients and partners (examples named above), weakening Plaintiff's bargaining position in future licensing agreements with some clients, and irreparably harming her working relationship with others in her industry.

32.     On or about March 6, 2018, via a certified letter and email, Plaintiff sent a takedown notice and demand that Defendant take the Copyrighted Images offline and compensate her for the market value of her photographs based on statutory damages related to willful infringement.

33.     After receiving the takedown notice, Defendant removed Plaintiff's Copyrighted Images from [www.RebelCircus.com](www.RebelCircus.com) sometime after Plaintiff sent her DMCA takedown notice to Defendant.

34. Defendant has, however, refused to adequately compensate Plaintiff, leaving Plaintiff no choice but to file this Complaint.

## V. ALLEGATIONS

### COUNT 1: INFRINGEMENT OF COPYRIGHTS (17 U.S.C. §§ 106, 501)

35. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

36. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to certain copyrighted photographs identified in Exhibits A, B, and C attached hereto (marked with a red arrow).

37. Each photo identified in Exhibits A and C is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Images under "Child Brides Yemen," holding Registration Number VA 1-911-560, with an effective date June 8, 2014, and first published by *National Geographic Magazine*. The certificate is attached as Ex. D.

38. Plaintiff's photo in Exhibit B is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, titled "Child Marriage Afghanistan," holding Registration Number VA 1-433-133, with an effective date of October 1, 2010, and first published by the *New York Times Magazine*. The certificate is attached as Ex. E.

39. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce her Copyrighted Images and to distribute her Copyrighted Images to the public.

40. Defendant, without the permission or consent of Plaintiff, uploaded three of her Copyrighted Images to Defendant's website, distributing the images to the public and/or making the Copyrighted Images available for distribution to others through Defendant's website.

41. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution of her images and improperly associated Plaintiff with Defendant's brand, Rebel Circus.

42. Defendant never asked permission nor paid a licensing fee for the use of Plaintiff's Copyrighted Images despite Plaintiff being a well-known photographer in the industry and Plaintiff operating a public website for the specific purpose of inviting offers from potential licensors.

43. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in total disregard of and with indifference to the rights to Plaintiff's copyrights and exclusive rights under copyright.

44. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Images. Plaintiff further is entitled to attorney's fees and costs pursuant to 17 U.S.C. § 505.

45. In the event the photos are still posted or associated with Defendant, the conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of images made or used in violation of Plaintiff's exclusive rights and to remove images from any site or blog that Defendant controls or owns.

## COUNT 2: REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202 et. seq.)

46.    Plaintiff incorporates by reference all the preceding allegations as if fully set forth herein.

47.    The authentic digital copy versions of the Copyrighted Images published by Defendant on Defendant's website contained copyright management information protected under 17 U.S.C. § 1202, such as metadata or simple text referencing Plaintiff's name.

48.    Upon information and belief, Defendant intentionally and knowingly deleted and/or altered Plaintiff's copyright management information from the three (3) Copyrighted Images prior to uploading and displaying the Copyrighted Images on its website a total of five (5) unique displays, www.RebelCircus.com, in violation of 17 U.S.C. § 1202(b).

49.    Upon information and belief, Defendant's removal and/or alteration of the aforementioned copyright management information from the Copyrighted Images were made without the knowledge or consent of Plaintiff.

50.    Upon information and belief, the removal and/or alteration of the aforementioned copyright management information from the Copyrighted Images were made by Defendant

knowingly in order to use and/or conceal the use of the image without proper attribution because Defendant had neither license nor consent from Plaintiff to publish the Copyrighted Images.

51. Upon information and belief, Defendant knew or should have known that removal of copyright management information from the Copyrighted Images would induce, enable, facilitate, or conceal their infringement of Plaintiff's exclusive rights in the Copyrighted Image.

52. As a result of Defendant's wrongful conduct as alleged herein, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to recover from Defendant the damages she sustained, and will sustain, along with any profits and advantages obtained by Defendant due to their violation of 17 U.S.C. § 1202, including attorney's fees and costs.

53. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each violation of 17 U.S.C. § 1202 of a minimum of $2,500 per violation and maximum of $25,000 per violation. See also *Sheldon v. Plot Commerce*, No. 15CV5885CBACLP, 2016 WL 5107072, (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, No. 15CV5885CBACLP, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) that defines each removal/deletion as a separate violation.

54. Plaintiff alleges as least five (5) separate violations of CMI.

## VI. DAMAGES

55. Defendant's conduct caused actual damages and/or are liable for statutory damages of up to $30,000.00 for each infringement or alternatively up to $150,000.00 for each willful infringement) pursuant to 17 U.S.C. § 504.

56. Defendant's conduct caused actual damages and/or are liable for statutory damages of at least $2,500.00 for each CMI violation or alternatively up to $25,000.00 for each violation pursuant to 17 U.S.C. § 1203(c)(3) and *Sheldon v. Plot Commerce*.

## VII. JURY TRIAL DEMANDED

57. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

## VIII. RELIEF REQUESTED

58. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on her behalf adjudging and decreeing that:

A. For an injunction providing: "Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Images, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Images"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's Images, to distribute (i.e. cause to be displayed) any of Plaintiff's Copyrighted Images, or to make any of Plaintiff's Images available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendants also shall destroy all copies of Plaintiff's Images that Defendants have downloaded onto any computer hard drive or server and remove "embed code" pointing to any Copyrighted Image from the internet that Defendants have control or ownership interest in."

B. For Plaintiff to be awarded either: (i) Plaintiff's actual damages and Defendants' profits, gains, or advantages of any kind attributable to Defendants' infringement of Plaintiff's Copyrighted Images; or (ii) alternatively, statutory damages of up to $30,000.00 per infringement or up to $150,000.00 for each instance of willful infringement of Plaintiff's Copyrighted Images pursuant to 17 U.S.C. § 504.

C.    For Plaintiff to be award actual damages and/or statutory damages of at least $2,500.00 for each CMI violation or alternatively up to $25,000.00 for each violation pursuant to 17 U.S.C. § 1203(c)(3) and *Sheldon v. Plot Commerce*.

D.    For Defendants to be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct.

E.    For Plaintiff's costs and expenses in this action, including all reasonable attorney's fees incurred herein, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1201 et. seq.

F.    For Plaintiff to be awarded pre-judgment interest from the time of the infringements and CMI violations.

G.    For such other and further relief as the Court may deem just and proper.

Dated: This 20th day of July 2018.

Respectfully submitted,

By: /s/ James Bartolomei Esq.

_____

James Bartolomei Esq.
Duncan Firm, P.A.
Of Counsel
900 S. Shackleford Road, Ste. 725
Little Rock, Arkansas 72211
501-228-7600 phone
501-228-0415 fax
jim@duncanfirm.com

and

Bryan D. Hoben, Esq.
420 S. Riverside Drive, Suite 158
Croton on Hudson, NY 10520
(347) 855-4008  phone
(914) 992-7135  fax
bryan@hobenlaw.com

Attorneys for Plaintiff Stephanie Sinclair